UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ANDRE MARSHALL,

      Petitioner,

v.                                                Case No. 2:14-CV-132
                                                HON. ROBERT HOLMES BELL

JEFFREY WOODS,

      Respondent.
_____/

**REPORT AND RECOMMENDATION**

      Petitioner filed this § 2254 petition for a writ of habeas corpus challenging the validity of his state court conviction for violations of his constitutional rights. On September 30, 2010, a jury convicted Petitioner of assault with intent to murder (MICH. COMP. LAWS § 750.83), felony firearm (MICH. COMP. LAWS § 750.227b), and felon in possession (MICH. COMP. LAWS § 750.224f). PageID.127-128. Petitioner was sentenced to 23 years and 9 months to 40 years for the assault conviction, 2 years for the felony firearm conviction, and 3 years and 2 months to 5 years for the felon in possession conviction. PageID.127. Petitioner remains in the custody of the Michigan Department of Corrections (MDOC).

      After his trial, Petitioner filed a direct appeal to the Michigan Court of Appeals. PageID.128. The appellate court affirmed his conviction and denied his claims on December 15, 2011. PageID.128. Petitioner then appealed to the Michigan Supreme Court, who denied his appeal on May 23, 2012. PageID.129.

      Petitioner subsequently filed a motion for relief from judgment in the trial court, which was denied on September 26, 2012. PageID.129-130. Petitioner's appeal to the Michigan

Court of Appeals was denied on August 2, 2013. PageID.130. Petitioner appealed to the Michigan Supreme Court, but the court denied his motion on November 23, 2013. PageID.130.

Following this series of appeals, Petitioner filed a motion to remand and a motion to correct an invalid sentence in the trial court. PageID.131. The trial court denied the motions on December 23, 2013. PageID.131. Petitioner did not appeal this decision to the Michigan Court of Appeals.

Petitioner filed a habeas petition in this Court on June 16, 2014. ECF No. 1. Petitioner maintains that his convictions were based on violations of his state and federal rights. Petitioner sets forth the following claims for relief in his amended habeas petition:

> I. Defendant argues that there was insufficient evidence to support his three convictions.
>
> II. The state court committed constitutional error when it improperly scored PRV 1 at 25 points for a prior high severity felony conviction and scored PRV 7 for two concurrent felony convictions by erroneously counting either a prohibited felony-firearm offense or double counting the sentencing offense as a concurrent offense which increased Petitioner's minimum maximum sentence by a[t] least 24 months.
>
> III. Because both the sentence offense, and the concurrent conviction are accounted for in the sentencing guidelines, the sentencing court erred in double counting the sentencing offense as a concurrent conviction for purposes of scoring PRV 7.
>
> IV. Petitioner was denied his constitutional right to the effective assistance of trial counsel where counsel's performance fail [sic] below an objective standard of reasonableness were [sic] counsel failed to conduct an adequate investigation, properly convey the prosecution plea offeer [sic], object to the state court's erroneous scoring of Petitioner's PRVS, failed to raise the issue by post-conviction motion under [the] standard for determining ineffective assistance of counsel.

> V. State post-conviction court's failure to properly eva[l]uate Petitioner's properly raised ineffective assistance of counsel claim or consider Defendant's claim of ineffective assistance of appellate counsel as "good cause" to excuse his failure to raise issues on direct appeal was contrary to Supreme Court precedent and should not bar habeas review.

PageID.147, 154, 174, 180, 193. Respondent filed an answer to the amended habeas petition on April 30, 2015. ECF No. 15. Petitioner filed a reply on May 26, 2015. ECF No. 17. The matter is now ready for a decision.

Petitioner filed this petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996. PUB. L. 104-132, 110 STAT. 1214 (AEDPA); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002) (noting that AEDPA prevents federal habeas "retrials" and ensures state convictions are made under state law). 28 U.S.C. § 2254(d) provides that any habeas application by a person in state custody shall not be granted in regards to any claim that has previously been adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

This Court may only consider "clearly established holdings" of the Supreme Court, not lower federal courts, in analyzing a petitioner's claim under § 2254. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). A decision of the state court may only be overturned if: (1) it applies a rule contradicting Supreme

Court governing law, (2) it contradicts a set of facts materially indistinguishable from a Supreme Court decision, (3) it unreasonably applies correct Supreme Court precedent to the facts of the case, (4) it unreasonably extends Supreme Court legal principles where it should not apply, or (5) it unreasonably refuses to extend Supreme Court legal principle where it should apply. *Bailey*, 271 F.3d at 655; *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

      A federal habeas court may not find a state adjudication to be "unreasonable" simply because that court decides, in its own judgment, that the relevant state decision applied federal law incorrectly. *Williams*, 529 U.S. at 410-11 (noting that it must instead determine if the state court's application of clearly established federal law was "objectively unreasonable"). This Court defers to state court decisions when the state court addressed the merits of petitioner's claim. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000); *see Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (allowing review of habeas application *de novo* when state court clearly did not reach the question). When applying AEDPA to state factual findings, factual issues by state courts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429.

      Petitioner's first claim is that there was insufficient evidence presented at trial to support his three convictions.[1] A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable

---

[1] While Petitioner's claim asserts that there is insufficient evidence to support all three convictions, Petitioner's brief only discusses insufficient evidence with regard to the assault with intent to kill conviction. PageID.147-153. Therefore, the undersigned will only address that conviction with regard to this claim.

doubt." This standard of review recognizes the trier of fact's responsibility to resolve reasonable conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Issues of credibility may not be reviewed by the habeas court under this standard. *See Herrera v. Collins*, 506 U.S. 390, 401-02 (1993). Rather, the habeas court is required to examine the evidence supporting the conviction, in the light most favorable to the prosecution, with specific reference to the elements of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (6th Cir. 1988).

Moreover, because both the *Jackson* standard and AEDPA apply to Petitioner's claims, "'the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan [trial court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA.'" *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc) (quoting *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008)). This standard erects "a nearly insurmountable hurdle" for petitioners who seek habeas relief on sufficiency-of-the-evidence grounds. *Id*. at 534 (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

Petitioner raised this issue on his direct appeal to the Michigan Court of Appeals. *See People v. Marshall*, No. 301571, 2011 WL 6268226, at **2-3 (Mich. Ct. App. Dec. 15, 2011). The appellate court denied the claim for the following reasons:

> On appeal, defendant first argues that there was insufficient evidence to support his three convictions. This Court reviews the sufficiency of the evidence in a jury trial de novo. *People v. Lueth*, 253 Mich. App. 670, 680; 660 NW2d 322 (2002). "[W]hen determining whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that

> the essential elements of the crime were proven beyond a reasonable doubt." *People v. Wolfe*, 440 Mich. 508, 515-516; 489 NW2d 748 (1992), amended 441 Mich. 1201 (1992).
>
> Defendant first argues that there was insufficient evidence to support his conviction of assault with intent to murder. The elements of assault with intent to commit murder are: (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder. MCL 750.83; *People v. Brown*, 267 Mich. App. 141, 147-148; 703 NW2d 230 (2005). Identity is also an essential element of any crime. *People v. Oliphant*, 399 Mich. 472, 489; 250 NW2d 443 (1976). Here, the victim testified that he heard a gunshot, saw a spark from in front of defendant, and saw a gun in defendant's hand. The victim identified defendant as his attacker to the police minutes after the shooting. At trial, the victim, his girlfriend, and Detective Smigielski identified the victim and defendant in a gas station surveillance video taken shortly before the shooting outside the gas station. The four bullet casings ejected from the same gun were found outside the gas station. This evidence is sufficient to prove both the identity and assault elements. In addition, the victim was shot twice in the abdomen and once in the leg. Defendant said to the victim "I got you now. I got you" and "I'm going to kill your punk . . . ." The number of times defendant shot the victim and defendant's statements are sufficient to prove the intent element. Finally, if the victim had died, defendant would have been guilty of murder under the facts above. Our review of the record presented leads us to conclude that there was sufficient evidence to allow a rational juror to find that the essential elements of assault with intent to commit murder were proven beyond a reasonable doubt.

*Marshall*, 2011 WL 6268226, at *2. The appellate court's decision is thorough and complete, and it appropriately applies Supreme Court precedent to the facts of Petitioner's case. *See Williams*, 529 U.S. at 405.

Nonetheless, Petitioner asserts that there was insufficient evidence to convict him of assault with intent to murder under MICH. COMP. LAWS § 750.83. Namely, he contends that he did not have the requisite intent to kill, nor did he use the firearm in a way to cause death as required to convict. PageID.148-153. However, the trial court noted that the evidence at trial

revealed that Petitioner shot the victim three times and repeatedly said he would kill the victim. Shooting a gun at someone and telling them that they are going to die could lead a reasonable juror to conclude that the shooter had an intent to kill, as the appellate court concluded. Given this evidence, it is clear that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Consequently, the undersigned defers to the appellate court's decision, as it appropriately applied Supreme Court precedent to the facts of Petitioner's case, and recommends that this claim be denied.

Petitioner's second and third claims pertain to his sentencing score: (1) he claims that the state court erred when it improperly scored "PRV 1 at 25 points for a prior high severity felony conviction and scored PRV 7 for two concurrent felony convictions by erroneously counting either a prohibited felony-firearm offense or double counting the sentencing offense as a concurrent offense which increased Petitioner's minimum maximum sentence by a[t] least 24 months," (PageID.154) and (2) that "the sentencing court erred in double counting the sentencing offense as a concurrent conviction for purposes of scoring" because "both the sentence offense, and the concurrent conviction are accounted for in the sentencing guidelines" (PageID.174).

Respondent contends that Petitioner's claim pertaining to PRV 7 was not raised on direct or collateral review, and is thereby unexhaustable and procedurally defaulted. PageID.267. In addition, Respondent contends these two issues relating to Petitioner's sentencing score are not cognizable on habeas review. PageID.267.

Regardless of whether this claim is unexhausted or procedurally defaulted, it is clearly not cognizable on habeas review. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). Claims concerning the improper scoring of

sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978).

For Petitioner's fourth claim, he contends that his trial counsel was ineffective when he " failed to conduct an adequate investigation, properly convey the prosecution plea offeer [sic], [and] object to the state court's erroneous scoring of Petitioner's PRVS." PageID.180.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." *Id.* at 689.  The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy.  *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack).  The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.  Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment.  *Id.* at 691.

The Michigan trial court reviewed and denied Petitioner's claim of ineffective assistance of trial counsel for failure to investigate when Petitioner raised it in his motion for relief from judgment:

> "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." The defendant, in making a claim of ineffective assistance of counsel must show the following:
>
>    1. That counsel's performance was deficient, and
>
>    2. That the deficient performance prejudiced the defense.
>
> . . . .
>
> Defendant claims that his trial counsel's performance was deficient in three ways: First, counsel failed to investigate. Second counsel failed to call witnesses that would have supported his claim that there was bad blood between Porter and the Defendant. And, third, counsel did not know that the nightclub was further away when he told the jury that the shooter may have come from that location. He argues that any of these acts alone or together were enough to warrant a new trial because his attorney's conduct did not meet the constitutionally guaranteed level of effectiveness.
>
> Defendant argues that trial counsel should have investigated the

incident more fully, but does not give specifics of what counsel should have looked into before trial. "In assessing the reasonableness of [an attorneys'] investigation, however, a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead . . . reasonably to attorney[s] to investigate further.["] In order for counsel to be deficient, he must have been on notice of the need for investigation. The question under *Strickland* is not what defense counsel could have pursued, but rather whether the choices made by counsel were reasonable. Defense Counsel was prepared for trial as evidenced by the questions he asked and the arguments he made. Counsel argued that there was no direct evidence linking Defendant to the shooting, such as a gun, or eye witness or confession. However, there was a videotape surveillance of the Defendant and the victim together at or near the time Porter was shot. The shell casings were found next to the victim's body, suggesting a close range shot. This Court finds that counsel did what was reasonable in his investigation of this matter. Counsel does not have unlimited time and resources. The law does not require an attorney to leave no stone unturned when doing his investigation.

Next the Defendant argues that his attorney failed to call "promising" witnesses for trial. However, Defendant does not tell this court who these people are and what their testimony may have been. Counsel is not required to try to round up unknown witnesses. And Defendant has a duty to aid in his defense. The record shows that prior to the trial, Defense Counsel had the Prosecutor issue Summons through the Court for the attendance of Kinfa Diggens and LaTony Lewis, both residents of South Bend, Indiana. Despite their efforts, it appears that neither witness appeared for trial. Defendant also argues that Defense Counsel never brought in witnesses who would testify that Porter was upset at the Defendant and had motive to lie and say Defendant had shot him when it had been someone else. Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy. The Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight. Additionally, there was videotaped evidence that placed the Defendant at the shooting and no other person close to Porter that could have shot him. This is [sic] evidence was very difficult to over-come.

Finally, Defendant argues that counsel told the jury that Smokey's nightclub was right next door to Smiley's where Porter was shot and

-10-

>that someone at Smokey's may have shot Porter. A Prosecution witness testified that Smokey's was actually across the street and facing away from Smiley's. It appears this was trial strategy. Trial counsel was attempting to raise reasonable doubt that since Smokey's was a known hotspot for weapons that the shots could have come from there. In hindsight it probably was not the smartest argument as the shell casings were found right next to Porter in Smiley's parking lot suggesting the shooting was done at close range. However, the law does not require all arguments to be perfect in order for counsel to be found to have been effective in their representation. And counsel's performance will not be reviewed with the benefit of hindsight.
>. . . .
>
>The evidence in this case was overwhelming in terms of finding the Defendant guilty. There was videotape footage of the defendant and victim talking in close proximity. The victim was shot, three times. Shell casings from the shooting were found near the victim. The victim identified the Defendant as the shooter. The two men knew each other by virtue of the woman they both dated. Defendant had motive to hurt [the] victim, because the Defendant believed the victim had hit his child. Then the Defendant claims that his attorney was ineffective primarily because he was convicted, and for no other reason.
>
>Defendant has not overcome the heavy presumption that trial counsel ... [was] effective in assisting him in this case.

PageID.909, 911-914 (footnotes and citations omitted). The trial court's analysis of this claim is thorough and complete, and it appropriately applies Supreme Court precedent to the facts of Petitioner's case. As such, the undersigned defers to the findings of the trial court with regard to Petitioner's claim that his trial counsel was ineffective for failing to investigate witnesses or visit the crime scene.

Petitioner's remaining claims against trial counsel include: (1) failure to object to the sentencing score, and (2) failure to properly advise Petitioner about the plea deal. Respondent contends that Petitioner did not raise either of these issues in the state courts, and since he has

already filed a motion for relief from judgment, these claims are unexhaustable and therefore procedurally defaulted. PageID.284. However, again, the undersigned elects to assume without deciding that there was no procedural default or that Petitioner could show cause and prejudice for that default for purposes of efficiency. *See Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003); *Binder v. Stegall*, 198 F.3d 177, 178 (6th Cir. 1999).

Petitioner's first claim is that counsel was ineffective for failing to object when the trial court deviated from the sentence recommendation in the presentence report and when the court miscalculated PRV 1 and PRV 7. Regardless of whether Petitioner's trial counsel performed deficiently by failing to object in these two instances, Petitioner has not demonstrated that this alleged deficiency prejudiced his case. With regard to the prejudice prong of *Strickland*, Petitioner must demonstrate that there was a reasonable probability that the result of his proceedings would have been different if counsel objected to the sentencing score issues. Specifically, Petitioner must show that he received an increased prison term as a result of this error. *See Glover v. United States*, 531 U.S. 198, 200-03 (2001) (noting prejudice was established when a sentence was increased from six to twenty-one months when counsel failed to object).

Here, Petitioner contends that if counsel objected to the PRVs at sentencing, he could have received a lower sentence. However, Petitioner has not demonstrated that had counsel objected to the overall sentencing score, there is a *reasonable probability* that his sentence would have, in fact, been lower. Under Michigan law, when a court reviews a particular sentencing factor, the court must review the score for clear error. *People v. Babcock*, 469 Mich. 247, 264-65 (2003); *People v. Crews*, 299 Mich. App. 381, 900 (Ct. App. 2013) (reviewing the trial court's sentencing decision under the guidelines to ensure the record adequately supports a particular

score). Upon review of Michigan law and the record, it is clear that the sentencing court did not commit clear error in coming to Petitioner's overall sentencing score.

With regard to PRV 1, the sentencing court afforded Petitioner twenty-five points because Petitioner was previously convicted of a high severity felony (unarmed robbery) in Indiana. PageID.867-868. Under MCL § 777.51(c), a high severity felony may be one that "is punishable by a maximum term of imprisonment of 10 years or more." The sentencing court concluded that the unarmed robbery from Indiana constituted a high severity felony because that offense had a maximum sentence of twenty years. PageID.862. Based on this review, it does not appear that the sentencing court committed a clear error by scoring Petitioner's PRV 1 at twenty-five points.

With regard to PRV 7, the sentencing court afforded Petitioner twenty points. Under MCL § 777.57(a), a defendant receives twenty points when he has two or more subsequent or concurrent convictions; however, felony firearm cannot constitute one of those convictions. Here, in addition to felony firearm, Petitioner was convicted of assault with intent to murder and felon in possession of a firearm. As a result, it appears that the sentencing court did not commit clear error by affording Petitioner twenty points for PRV 7.

Based on this analysis, Petitioner has not "carried 'the burden of showing, not merely that the errors at his [sentencing] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [sentencing] with error of constitutional dimensions.'" *Barry v. Wolfbarger*, No. 08-12894, 2010 WL 2681173, at *5 (E.D. Mich. July 6, 2010) (quoting *Spearman v. United States*, 860 F. Supp. 1234, 1237 (E.D. Mich. 1994) (quoting *United States v. Frady*, 465 U.S. 152, 171 (1982))). As a result, because

Petitioner has not satisfied the prejudice prong under *Strickland*, the undersigned recommends that this claim be denied.

For Petitioner's final ineffective assistance of trial counsel claim, he asserts that trial counsel advised him not to take the offered plea deal. PageID.180. Petitioner contends that the plea agreement offered him a minimum sentence of almost ten years less than what he received after going to trial. PageID.183.

Defendants have a right to effective assistance of counsel during the plea-bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). To show prejudice in the context of pleas, "a defendant must show the outcome of the plea process would have been different with competent advice." *Id.* Specifically, the petitioner must show that there is a reasonable probability that:

> [1] the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [2] that the court would have accepted its terms, and [3] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 132 S. Ct. at 1385.

Here, the only element Petitioner has shown is that the plea deal offered a minimum sentence of ten years less than the minimum sentence he received after going to trial. PageID.183. However, with regard to the first and second elements, Petitioner merely states that the "trial court would have accepted the guilty plea." PageID.183. This statement falls far short of establishing a reasonable probability that the result of his plea-bargaining process would have been different but for counsel's alleged errors. Consequently, Petitioner has not demonstrated

prejudice under *Strickland*, and the undersigned recommends that this claim be denied.

Petitioner's final claims is that the "[s]tate post-conviction court[] fail[ed] to properly eva[l]uate Petitioner's properly raised ineffective assistance of counsel claim or consider Defendant's claim of ineffective assistance of appellate counsel as "good cause" to excuse his failure to raise issues on direct appeal was contrary to Supreme Court precedent and should not bar habeas review." PageID.193. In making this argument, Petitioner raises two claims in his habeas brief: (1) that the state court improperly denied his ineffective assistance of appellate counsel in his motion for relief from judgment, and (2) that his appellate counsel was ineffective by failing to raise certain issues on appeal.

An appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. As the Supreme Court recently has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.*

Petitioner raised the issue of ineffective assistance of trial counsel to the state trial

court in his motion for relief from judgment. The trial court denied the claim for the following reasons.

> "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." The defendant, in making a claim of ineffective assistance of counsel must show the following:
>
> 1. That counsel's performance was deficient, and
>
> 2. That the deficient performance prejudiced the defense.
>
> The same standard applies when analyzing claims of ineffective assistance of appellate counsel. The U.S. Constitution guarantees that an accused person will be represented by an attorney adequately equipped by his/her training in the law to undertake the case, and who will, diligently, conscientiously, and honestly represent the accused person. This does not mean that an accused person will be guaranteed a favorable outcome, or that a different attorney may have obtained a better result. The defendant must overcome the presumption that the challenged action might be considered sound trial strategy.
> . . . .
>
> Defendant further claims that his appellate counsel was deficient because he failed to raise the issue of his trial counsel's effectiveness at the Court of Appeals. This Court has already found that Defendant's trial counsel did not fall below the objective standard for effectiveness, so appellate counsel was not wrong for not including it in the appeal. Additionally, Defendant was not prejudiced because he raised this issue himself under Supreme Court Administrative Order No. 2004-6, Standard 4. Finally, "appellate counsel is not required to raise every issue possible on appeal, to require this would impair independence of the legal profession, destabilize finality of judgments, and exponentially increase the burdens on appellate counsel."
> . . . .
>
> Defendant has not overcome the heavy presumption that . . . appellate counsel [was] effective in assisting him in this case.

PageID.909-910, 913-914 (footnotes and citations omitted). The trial court's decision is thorough and complete, and it appropriately applies Supreme Court precedent to the facts of Petitioner's

case, which means the trial court did not err by denying his ineffective assistance of counsel claims in Petitioner's motion for relief from judgment. In addition, much like the trial court concluded, the undersigned has previously determined that Petitioner's claims of ineffective assistance of trial counsel lack merit, meaning appellate counsel did not perform deficiently by failing to raise these issues on appeal. Therefore, the undersigned recommends that Petitioner's ineffective assistance of appellate counsel claim be denied.

Overall, the undersigned concludes that all of Petitioner's claims are without merit. Should Petitioner choose to appeal this action, the Court must determine whether a certificate of appealability may be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Each issue must be considered under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The undersigned examined each of Petitioner's claims under the *Slack* standard and concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, this Court recommends that a **CERTIFICATE OF APPEALABILITY BE DENIED** as to each issue raised by Petitioner.

For the same reasons the undersigned recommends dismissal of this action, the undersigned certifies that any appeal by Petitioner would be frivolous and not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24. Therefore, it is recommended that

-17-

any application by Petitioner for leave to proceed *in forma pauperis* on appeal be **DENIED**.

In summary, the undersigned recommends that Petitioner's habeas claims, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED WITH PREJUDICE**.

**NOTICE TO PARTIES**: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Date: __7/25/2016____                                    __/s/ *Timothy P. Greeley*_____
                                                                           HON. TIMOTHY P. GREELEY
                                                                           UNITED STATES MAGISTRATE JUDGE