UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDRE MARSHALL,

    Petitioner,

File No. 2:14-cv-132

v.

HON. ROBERT HOLMES BELL

JEFFREY WOODS,

    Respondent.
_____/

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

On July 25, 2016, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that the petition be denied for lack of merit and that a certificate of appealability be denied. This matter is before the Court on Petitioner's motion under Rule 60(b) to vacate the Court's judgment (ECF No. 24). The Court construes Petitioner's motion as a timely objection to the R&R because no judgment has been entered by this Court, and the motion is clearly focused on perceived defects in the R&R. (*See id.* at PageID.1253 (referring to the "judgment entered . . . on July 25, 2016").)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*

*v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Petitioner claims that the "judgment" entered by the Court (i.e., the R&R) is "void" because it presumed that the factual determinations made by the state court were correct without first determining whether the state court had "authority to proceed to judgment" against Petitioner. (Mot., ECF No. 24, PageID.1255.) Petitioner claims that the Court cannot rule on the merits of his application for relief under § 2254 without first looking at the March 23, 2010 transcript of his arraignment. Without that transcript, Petitioner claims that it is impossible for the Court to "review the irregularity of the entirety of the State court proceedings . . . to insure that [Petitioner] is confined in a State prison pursuant to a valid judgment." (*Id.* at PageID.1257.) Petitioner claims that because the state court's judgment was void, this Court did not have jurisdiction or authority to affirm it.

Contrary to Petitioner's assertion, this Court's jurisdiction stems from 28 U.S.C. § 2254, not from the state court's judgment. Moreover, this Court is not obligated to review every aspect of his state court proceedings to ensure that they were valid. Rather, it is Petitioner's prerogative to decide which portion of his proceedings to challenge, and it is his burden to show that he is entitled to relief. None of the claims in his original or amended petitions assert that the state court's judgment was void due to a defect in his arraignment. Thus, the magistrate judge did not err by failing to discuss such a claim in the R&R.

Even if such a claim had been raised, it would not be cognizable in this action. Petitioner does not clearly identify the error in the arraignment, but he alludes to Rule

6.104(F) of the Michigan Court Rules, which requires that a "verbatim record . . . be made of the arraignment." Mich. Ct. R. 6.104(F). Assuming that the state court failed to follow this rule, any such failure would not give rise to a cognizable claim under § 2254. Relief under § 2254 is available only for a "violation of the Constitution, laws, or treaties of the United States." 28 U.S.C. § 2254(a). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Likewise, habeas corpus relief does not lie for errors of state procedure.

Accordingly, finding no merit in Petitioner's objection, and no error in the R&R,

**IT IS HEREBY ORDERED** that Petitioner's motion to vacate judgment (ECF No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that the July 25, 2016, R&R (ECF No. 23) is **APPROVED** and **ADOPTED** as the opinion of this Court. A judgment will be entered dismissing the petition for lack of merit.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: <u>August 18, 2016</u>   <u>/s/ Robert Holmes Bell          </u>
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE